### RECOVERY OF SALARY BY SANITARY OFFICER FOR REMAINDER OF TERM AFTER DISCHARGE.

Court of Appeals for Licking County.

HENRY WIYIARCH v. CITY OF NEWARK.

Decided, March Term, 1915.

*Municipal Corporations—Contracts of Employment—Board of Health Not Empowered to Discharge at Will—One Appointed for a Specified Term—Section 4412, General Code.*

The statutory provision that all appointees of the board of health "shall serve at the pleasure of the board," does not give authority to the board to discharge without cause one appointed for a specified term, and one so discharged may upon tender of his services recover the salary accruing for the remainder of the term.

*S. L. James* and *Smythe & Smythe,* for plaintiff in error.
*Ralph Norpell,* City Solictor, contra.

HOUCK, J.; SHIELDS, J., and POWELL, J., concur.

This cause is here on error from the common pleas court of this county. The parties hereto stand in the same relation to each other as in the court below.

The second amended petition in the court below contained two causes of action, but the first cause of action was disposed of in that court to the satisfaction of the parties, and therefore this court is not concerned as to the first cause of action.

The plaintiff in his second amended petition, in substance, says that the defendant, by its board of health, by resolution duly and legally passed and approved by the proper authority, appointed the plaintiff sanitary officer for said city for the period of one year from the 17th day of February, 1908, at a salary of $60 per month; that he entered upon the discharge of his duties, and performed the services required of him and received said salary. That on the 31st day of December, 1908, the said city, by its board of health, passed a resolution retaining and appointing him for another year at the same salary, and that he continued in the discharge of his duties until the 3d day of July, 1909, when defendant attempted to discharge him, but without cause; that he continued to tender his services to said city and was ready and willing to perform the duties of such sanitary officer under his said appointment until the 1st day of January, 1910, and that by reason of the premises the defendant is indebted to him in the sum of $360, for which he asks judgment.

To this cause of action of the plaintiff, the defendant filed an answer in which it admits all of the above allegations except that the second appointment was for a period up to January 1, 1910.

Upon the above pleadings, this cause came on for trial in the court below. A jury was waived and the cause was submitted to the court upon the evidence. Whereupon, the court dismissed the petition as to the second cause of action and rendered judgment in favor of the defendant. A motion for a new trial was filed by the plaintiff, and the same was overruled. To the overruling of the motion for a new trial, and for other errors appearing in the record as claimed by the plaintiff, the plaintiff prosecutes error to this court.

The action at bar and the appointment of the plaintiff as sanitary officer was based upon and made under favor of Section 2115 of the Revised Statutes of Ohio, which statute is as follows:

"The board of health shall appoint a health officer, who shall be the executive officer, who shall furnish his name and address

and such other information as may be required by the state board of health; and may appoint a clerk, and may appoint, with the consent of council, as many ward or district physicians, or one ward physician for each ward in their city as they may deem necessary, whose duty it shall be to care for the sick poor in his district or ward and to care for the person or persons quarantined in his ward when such person or persons are unable to pay for medical attendance, and to care for all persons sent from his ward to the municipal pest house when such persons are unable to pay for medical attendance. The board of health shall also have power to appoint, with the consent of council, as many persons for sanitary duty as in his opinion the public health and sanitary condition of the corporation may require, and such persons shall have general police powers, and be known as the sanitary police. The board shall have exclusive control of their appointees, and define their duties and fix their salaries, but no member of the board of health shall be appointed as health officer; neither shall a member of the board of health nor the health officer be appointed as one of the ward physicians. All such appointees shall serve during the pleasure of the board.''

The record in the case shows that the board of health, on the 31st day of December, 1908, passed the following resolution:

''That the following appointees be retained for the coming year: clerk, A. C. Gundlach; health officer, W. H. Knauss; sanitary police, Henry Wiyiarch; food inspector, John Maybold.''

It was admitted by counsel upon both sides in this case in its presentation to this court that the plaintiff had given bond and had done and performed everything required of him to be done under the statutes before entering upon his duties as such sanitary officer; that he continued in said position and received his salary up to the 3d day of July, 1909, when the defendant, by resolution of the board of health, sought to dispense with his services; that no charges were preferred against him, and that no claim was made that he did not perform his duty in a faithful and acceptable manner; that plaintiff was ready and willing to perform said services required of him as sanitary officer, and that he tendered his services and stood ready and willing to do and perform the service required of him until the 1st day of January, 1910.

This cause is submitted to this court by agreement of counsel in this case wholly and solely upon the question as to whether or not, under and by the provisions of Section 2115 of the Revised Statutes of Ohio, the defendant, without cause, could discharge plaintiff and dispense with his services before the 1st day of January, 1910; or, in other words, could the defendant dispense with the services of the plaintiff at will, or was his appointment for one year under said statute, such that he could not be legally discharged, except for cause, until the 1st day of January, 1910? The plaintiff maintains that the appointment was for one year, and having given bond and qualified as required by statute, and entered upon the discharge of his duties, the same constituted a contract between the city and himself, and that he could not be discharged from such service during said term except for cause. The defendant maintains that he could be discharged at the will of the defendant.

The question for the court to determine is as to the construction of the statute above referred to. The object in the construction of a statute is to ascertain and give effect to the intention of the Legislature, but its intention must be derived from the language of the statute and such as would give effect to the intention of the law-making body and to the plain meaning of the words and language used in the statute. The defendaant contends that the words in said statute, "all such appointees shall serve during the pleasure of the board," give to it the right to discharge the plaintiff at any time, even though he was appointed for one year; and that under and by virtue of said statute the plaintiff could be discharged even though appointed for one year, and it maintains this by reason of the fact that the statute above referred to gives the board the authority to make such appointments during the pleasure of the board.

The defendant exercised its pleasure when it appointed the plaintiff for one year, which it had a right to do under the statute and the plain import and meaning of said language referred to. When it acted upon this right and exercised its right and authority to do so, and saw fit to appoint said plaintiff for one year, and the plaintiff entered upon the discharge of his duties,

and performed the same in an acceptable manner, could he legally be discharged before the term of his appointment expired? We think not. His contract was entire, and the city must carry out its part of the same. A contract is a solemn and binding obligation between the parties thereto and can not be set aside and held for naught except with the consent of both parties.

We therefore find that the attempt to discharge the plaintiff without cause before the termination of his appointment for one year was invalid and illegal, and in violation of the intent and meaning of said statute. We therefore find that the court below erred in dismissing the petition of plaintiff and rendering judgment in favor of the defendant.

The judgment of the court below is reversed; and the court coming now to render the judgment that the court below should have rendered in this case, it is ordered by the court that the plaintiff in errror recover of the defendant in error the sum of $345 (being the full amount plaintiff sued for, less fifteen dollars, which the record shows he earned during said time), with interest from the 18th day of March, 1915; and this cause is hereby remanded to the common pleas court for execution.